PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EMMANUEL E. ELDER, | ) |
| Plaintiff, | ) CASE NO. 1:17CV2080 |
| v. | ) JUDGE BENITA Y. PEARSON |
| CLIFFORD PINKNEY, *et al.*, | ) |
| Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** |

*Pro se* Plaintiff Emmanuel E. Elder, a detainee in the Cuyahoga County Jail, has filed this civil rights action pursuant to 42 U.S.C. § 1983 against Cuyahoga County Sheriff Clifford Pinkney and Prosecutor Michael C. O'Malley. His pleadings, which consist of a Complaint (ECF No. 1), an Additional Statement of Facts (ECF No. 5), and an Amended Complaint (ECF No. 6), do not set forth allegations that are intelligible to the Court. The most the Court is able to discern from Plaintiff's pleadings is that he believes Defendants have violated his constitutional and other statutory rights in connection with his arrest and detention on state criminal charges in 2017. Plaintiff's only discernible alleged basis for this belief is that he was arrested "at the contract request of" Defendant O'Malley pursuant to a fictitious capias and without a valid arrest warrant in order for Defendants to obtain "capital gains," and because Plaintiff is "the Ambassador for the Nation of African American People . . . and [the] named [Defendants] are ku klux klan members" who wish to sell him into slavery. *See, e.g.,* ECF No. 6 at Page ID#: 41-42. For this conduct, Plaintiff asserts violations of the Fourth, Fifth, Sixth, Eighth, Eleventh, and

(1:17CV2080)

Fourteenth Amendments and "statute of fraud[s], embezzlement, insider trading, violation of HJR 192 . . . without recourse (US Financial Agenda), Racketeer Influenced and Corrupt Organization, [and] kidnapping." *Id*. at PageID #: 41. Plaintiff seeks only monetary relief. *See id.* at PageID #: 74-77.

**I. Standard for Dismissal**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are required under 28 U.S.C. § 1915A to screen all complaints in which a prisoner seeks redress from an officer or employee of a governmental entity, and to dismiss before service any such action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill* 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915A). Detailed factual allegations are not required, but the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**II. Analysis**

Upon review, the Court finds that the Complaint must be dismissed pursuant to 28 U.S.C. § 1915A. Even liberally construed, it does not contain allegations reasonably

(1:17CV2080)

suggesting Plaintiff has any plausible federal claim against either Sheriff Pinkney or Prosecutor O'Malley. The conclusory and largely incoherent assertions set forth in his pleadings are insufficient to raise a right to relief against either Defendant on any federal claim above the speculative level. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (holding that a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, the Complaint must be dismissed against Defendant O'Malley for the additional reason that he is entitled to absolute immunity with respect to any action he took "within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Plaintiff only seeks to hold Defendant O'Malley liable only for conduct for which he is absolutely immune as a prosecutor. These allegations fall within the immunity shielding Defendant O'Mally and, thus, cannot stand.

### III. Conclusion

Accordingly, Plaintiff's action is summarily dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| February 27, 2018 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

3